UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HUFCOR, INC., d/b/a Total Quality Plastics, | ) ) |
| Defendant. | ) ) ) |

Civil Action No. 2:14-cv-1186

**COMPLAINT**
(Jury trial demanded)

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Katy Degenhardt, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that since April 2009, Hufcor, Inc., d/b/a Total Quality Plastics, has violated Title VII by subjecting Ms. Degenhardt to sexual harassment and then retaliating against her for resisting that harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. § 2000e-5(f)(1) and (3)), and Section 102 of Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, defendant Hufcor, Inc. ("Hufcor"), which is headquartered in Janesville, Wisconsin, has continuously been a corporation doing business in Wisconsin, in addition to doing business in other states, and has continuously had at least 15 employees.

5. At all relevant times, Hufcor has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g), and (h)).

## STATEMENT OF CLAIMS

6. On or about September 23, 2011, more than 30 days prior to the institution of this lawsuit, Katy Degenhardt filed a charge with the EEOC alleging violations of Title VII by Total Quality Plastics ("TQP"), a division of Hufcor.

7. On May 16, 2014, the EEOC determined that there was reasonable cause to believe that Hufcor had violated Title VII, as amended, by subjecting Ms. Degenhardt to sexual harassment and then retaliating against her for resisting that harassment.

8. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On May 16, 2014, the EEOC issued a "Determination" letter inviting Hufcor to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Ms. Degenhardt.

   (b) On July 29, 2014, the EEOC issued a letter advising Hufcor that, despite

its efforts, the EEOC was unable to secure from Hufcor a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. From May 7, 2007, through February 20, 2013, Ms. Degenhardt worked as a machine operator at TQP's manufacturing facility in North Prairie, Wisconsin.

11. Since at least April 2009, Hufcor has engaged in unlawful employment practices at its TQP facility in North Prairie, Wisconsin, in continuing violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), as follows: one or more male TQP supervisors and employees continuously subjected Ms. Degenhardt, who is a woman, to sexual harassment – for example, on a regular basis the shift supervisor would grab her, rub against her breasts, and walk behind her and brush his penis against her buttocks, and once came up behind her, put his hands up her shirt, and touched her breasts, in full sight of one of Ms. Degenhardt's male co-workers – which created a sexually hostile and offensive work environment for her. Despite actual or constructive notice (including timely complaints by Ms. Degenhardt to appropriate Hufcor and TQP officials) that it was discriminating against her on the basis of her sex (female), Hufcor failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

12. Beginning in April 2009, Hufcor violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Ms. Degenhardt by denying her breaks, assigning her difficult work, denying her advancement opportunities, disciplining her for alleged infractions where others were not punished for the same actions, and taking other adverse actions against her after she opposed sexual harassment by one or more Hufcor supervisors and employees and thus engaged in activity protected by Title VII.

13. The effect of the practices complained of in Paragraph 11 above has been to deprive Ms. Degenhardt of equal employment opportunities, and to otherwise adversely affect her status as an employee, because of sex.

14. The effect of the practices complained of in Paragraph 12 above has been to deprive Ms. Degenhardt of equal employment opportunities, and otherwise adversely affect her status as an employee, because she engaged in protected activity under Title VII.

15. The unlawful employment practices complained of in Paragraphs 11 and 12 above were intentional.

16. The unlawful employment practices complained of in Paragraphs 11 and 12 above were done with malice and with reckless indifference to Ms. Degenhardt's federally-protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Hufcor and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect her status as an employee because of her sex; from engaging in any employment practice which discriminates on the basis of sex; and from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of having filed a charge with the EEOC or otherwise invoking the protections of Title VII or assisting others in doing so.

B. Order Hufcor to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for individuals who have filed a charge

4

with the EEOC or who otherwise avail themselves of the protections of Title VII or assist others in doing so, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Hufcor to make Katy Degenhardt whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 and 12 above, including medical expenses, emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Hufcor to pay punitive damages to Katy Degenhardt for its malicious and reckless conduct, as described in Paragraphs 11 and 12 above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
131 M Street, N.E.

Washington, DC  20507


John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

EEOC Chicago District Office
500 West Madison Street - Suite 2000
Chicago, IL 60661
*Telephone*:     (312) 869-8116 (Kamp)
*Fax*:             (312) 869-8124
*E-mail*:   john.hendrickson@eeoc.gov
*E-mail*:   jean.kamp@eeoc.gov

Dated:   September 25, 2014         *s/ Dennis R. McBride*
                                     Dennis R. McBride (WI Bar No. 1000430)
                                     Senior Trial Attorney

                                     EEOC Milwaukee Area Office
                                     310 West Wisconsin Avenue - Suite 800
                                     Milwaukee, WI  53203-2292
                                     *Telephone*:   (414) 297-4188
                                     *Fax*:            (414) 297-3146
                                     *E-mail*:    dennis.mcbride@eeoc.gov