**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
                **Plaintiff,**

v.                                                                                                      Case No. 14CV1186

**HUFCOR, INC., d/b/a Total Quality Plastics,**
                **Defendant.**
_____

## **DECISION AND ORDER**

The Equal Employment Opportunity Commission ("EEOC") filed the complaint in this action alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Katy Degenhardt, a former employee of defendant, moves to intervene as a plaintiff. Neither party objects to her intervention.

Under Fed. R. Civ. P. 24(a)(1), I must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute" as long as their motion to intervene is timely filed. Under 42 U.S.C. § 2000e-5(f)(1), "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." *See also E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1292 (7th Cir. 1993) ("A person aggrieved has the right to intervene."). Ms. Degenhardt is the person who filed the original charge with the EEOC on which the complaint in this action is based, and her complaint was timely filed. Therefore, I conclude that she has an unconditional right to intervene.

Even if Degenhardt does not have the right to intervene, I have the discretion to allow her to intervene under Fed. R. Civ. P. 24(b)(2) if there is "(1) a common question of law or fact, and (2) independent jurisdiction." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*,

69 F.3d 1377, 1381 (7th Cir. 1995). Because Degenhardt's claims arise under Title VII and are identical to the EEOC's claims, these two elements are met. Further, intervention will not unduly prejudice defendant, who does not object to intervention; if anything, consolidating these two claims into one action will save defendant time and money. Thus, I also conclude that permissive intervention is appropriate.

**THEREFORE, IT IS ORDERED AND ADJUDGED** that Degenhardt's motion to intervene (ECF No. 6) is **GRANTED**. The Clerk shall file the intervenor complaint at ECF No. 6 (beginning at page 4).

Dated at Milwaukee, Wisconsin, this 21st day January, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge