UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| KATY DEGENHARDT, | ) Civil Action No. 2:14-cv-01186 ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) **CONSENT DECREE** ) |
| HUFCOR, INC. d/b/a TOTAL QUALITY PLASTICS, | ) ) ) ) |
| Defendant. | ) ) |

On September 25, 2014, the U.S. Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 2:14-cv-01186 (E.D. Wis.) against Hufcor, Inc., d/b/a Total Quality Plastics ("Defendant"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, alleging that beginning in April 2009, Defendant has violated Title VII by subjecting Katy L. Degenhardt, a former employee of Total Quality Plastics ("TQP"), to sexual harassment and then retaliating against her for resisting that harassment. On January 21, 2015, acting through counsel, Ms. Degenhardt filed a complaint-in-intervention under Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1), making the same allegations made by the EEOC and also alleging that Defendant violated Title VII by terminating her employment in retaliation for resisting the harassment.

In its Answers to the EEOC's and Ms. Degenhardt's Complaints, filed on November 24, 2014, and March 27, 2015, respectively, Defendant denies the allegations of sexual harassment and retaliation in the EEOC's and Ms. Degenhardt's Complaints.

1

The EEOC, Ms. Degenhardt, and Defendant have agreed to this Consent Decree (the "Consent Decree" or "Decree"), which shall fully and finally resolve all claims raised by the EEOC and Ms. Degenhardt in their Complaints in Civil Action No. 2:14-cv-01186 (E.D. Wis.), and Ms. Degenhardt's underlying discrimination charges (EEOC Charge No. 26G-2011-01592 / ERD No. CR-2011-03129 and EEOC Charge No. 443-2013-01671C / ERD No. CR-2014-00452). This Decree does not constitute an adjudication of, or a finding on, the merits of the case for or against any party, nor an admission by any party. None of the parties admit the claims or defenses of the others. This Consent Decree shall be final and binding on the EEOC, Ms. Degenhardt, and Defendant.

## **CONSENT DECREE**

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

**I.      Non-Discrimination**

1.      <u>Jurisdiction</u>. This Court has jurisdiction over the parties and the subject matter of this action.

2.      <u>Public Interest</u>. This Consent Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of any person's rights or privileges. The entry of this Decree will further Title VII's objectives and will be in the best interests of the parties and the public.

3.      <u>Prohibition Against Title VII Violations</u>. Defendant shall not engage in any employment practice which constitutes unlawful discrimination under Title VII. Specifically, Defendant shall not allow the creation or maintenance of a sexually hostile or retaliatory work environment in its facilities.

4.      <u>No Retaliation</u>. Defendant will not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any employee because he or she

opposed any action or practice which is unlawful under Title VII, or retaliate against any individual who opposes an action or practice which is unlawful under Title VII or participates in any manner in any investigation relating to any claim of employment discrimination.

5. <u>Compliance with Title VII</u>. Defendant agrees with and shall comply with all provisions of Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit Defendant's obligations under Title VII or the EEOC's authority to process or litigate any discrimination charge which may be filed against Defendant in the future, or to limit Defendant's ability to defend against any such claims.

## II. Monetary Relief

6. <u>Settlement Payment and Release</u>. Defendant agrees to pay a total of $120,000.00 to Ms. Degenhardt in full and final settlement of all claims raised in the Complaints filed by the EEOC and Ms. Degenhardt in Civil Action No. 2:14-cv-01186 (E.D. Wis.), and in Ms. Degenhardt's underlying discrimination charges (EEOC Charge No. 26G-2011-01592 / ERD No. CR-2011-03129 and EEOC No. 443-2013-01671C / ERD No. CR-2014-00452). The $120,000 payment shall be apportioned as follows: (a) $5,225.00, less Ms. Degenhardt's share of all applicable state and federal tax and Social Security withholdings, payable by check to "Katy L. Degenhardt" for back pay; (b) $76,775.00, payable by check to "Katy L. Degenhardt" for compensatory damages; and (c) $38,000.00, payable by check to "Hawks Quindel, S.C." as attorneys' fees and costs without deductions or withholding. Before Ms. Degenhardt or her attorneys receive any payment, Ms. Degenhardt shall sign the release attached as **Exhibit A** to this Consent Decree, which has been approved by her private counsel. The EEOC or Ms. Quindel shall promptly convey the executed release to Defendant. At the appropriate time, Defendant shall issue to Ms. Degenhardt IRS W-2 and 1099 forms relating to the payments (a)

and (b) above and a Form 1099 to Hawks Quindel and to Ms. Degenhardt for the payment (c) of attorneys' fees and costs.

7. <u>Mailing of Settlement Checks</u>. Within 10 business days of the receipt of the signed release, or of the entry of this Consent Decree by the Court, whichever occurs later, Defendant shall mail the settlement checks to Ms. Degenhardt's private counsel, Barbara Zack Quindel, Esq., at Hawks Quindel, S.C., P.O. Box 442, Milwaukee, WI 53201-0442, by certified mail, return receipt requested. On the same day that it mails the checks to Ms. Quindel, Defendant also shall mail photocopies of the checks to the EEOC.

### III. Posting of Notice

8. Within 10 business days after the Court's entry of this Consent Decree, Defendant shall post same-sized copies of the Notice attached as **Exhibit B** to this Decree on the bulletin board(s) usually used by Hufcor for communicating human resources matters to employees. The notice shall remain posted throughout the term of this Decree. Within 10 business days of the posting, Defendant also shall send a letter to the EEOC enclosing a copy of the Notice, as signed by Hufcor, and stating the date and locations of its posting. Defendant shall ensure that the postings are not altered, defaced, or covered by any other material. If the posted copies are removed or become defaced or otherwise illegible, as soon as is practicable Defendant shall re-post clean and readable copies in the same manner as previously specified.

### IV. Training

9. <u>Training Session</u>. No later than September 30, 2015, Defendant shall provide training to all of Hufcor's managers and supervisors with hiring and firing authority regarding the Title VII rights of applicants, employees, and former employees, with an emphasis on how to keep operations free from sexual harassment and on what constitutes unlawful retaliation. The

training shall be for a minimum of two hours and shall be conducted by an employment attorney, who shall emphasize Hufcor's commitment to prevent discrimination and retaliation and the protections afforded by Title VII to those who complain of employment discrimination. Hufcor managers and supervisors with hiring and firing authority who work at a facility outside of Wisconsin shall attend the training via webinar.

10.     <u>Certification of Training</u>.  No later than 14 business days prior to the training, Defendant shall submit to the EEOC the name, address, and telephone number of the employment attorney who will provide the training, together with the date and location of the training. Within five business days after the required training has occurred, Defendant shall send a letter to the EEOC certifying that the training has taken place and that the required personnel have attended, and enclose copies of all written materials provided to the participants of the training sessions.

## V.     Record Keeping and Reporting

11.     Hufcor shall maintain the following information throughout the term of the Consent Decree: (a) the name, address, and telephone number of each Hufcor employee who makes a formal complaint of sexual harassment or retaliation involving alleged violations of Title VII; (b) a summary of the nature of the complaint or allegation; and (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation.

12.     Every six months during the term of the Consent Decree, Hufcor shall provide to the EEOC a report setting forth the information maintained pursuant to Paragraph 11(a). If the EEOC desires additional information about any complaint, it shall provide notice to Hufcor that it wishes to inspect such information and Hufcor shall have 15 business days to provide said

information to the Agency.  All notices to Hufcor shall be made to Scott C. Beightol, Esq., Michael Best & Friedrich LLP, 100 East Wisconsin Avenue, Suite 3300, Milwaukee, WI 53202-4108 (scbeightol@michaelbest.com).

## VI. Dispute Resolution

13. If any party to this Consent Decree believes that any other party has failed to comply with any provision of the Decree, within 10 business days the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-compliant party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied.  If the alleged non-compliant party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

## VII. Miscellaneous Provisions

14. <u>Expenses; Costs; Attorneys' Fees</u>.  Each party to this Consent Decree shall bear its own expenses, costs, and attorneys' fees.

15. <u>Filing; Duration</u>.  This Decree shall be filed in the U.S. District Court for the Eastern District of Wisconsin and shall continue in effect until December 31, 2016.  Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on at least 30 days' notice to the other party.

16. <u>Binding Effect</u>.  The terms of this Consent Decree are and shall be binding upon Defendant and on Defendant's agents, successors, and assigns.  This Paragraph shall not be construed as placing any limit on remedies available to the Court if any party is found in contempt for a violation of this Decree.

17. <u>Full and Final Resolution</u>.  This Consent Decree shall fully and finally resolve all claims raised by the EEOC and Ms. Degenhardt in their Complaints in Civil Action No. 2:14-cv-01186 (E.D. Wis.), and all claims raised by Ms. Degenhardt in EEOC Charge No. 26G-2011-01592 / ERD No. CR-2011-03129 and EEOC No. 443-2013-01671C / ERD No. CR-2014-00452).  This Decree is a complete resolution of all claims under Title VII and the 1991 Civil Rights Act that the EEOC and Ms. Degenhardt made in this action.

18. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction over this action for the duration of this Consent Decree in order to enforce the terms of the Decree.

SO ORDERED, ADJUDGED, AND DECREED this 14th day of August, 2015.

By the Court:

s/ Lynn Adelman
_____
Lynn Adelman
United States District Judge

Agreed to in form and content:

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
By its attorneys:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.W.
Washington, D.C. 20507-0100

John C. Hendrickson, Regional Attorney
Jean P. Kamp, Associate Regional Attorney

7

          EEOC Chicago District Office
          500 West Madison Street - Suite 2800
          Chicago, IL  60661
          *Telephone*:  (312) 869-8116
          *Fax*:   (312) 353-8555
          *E-mail*:  john.hendrickson@eeoc.gov
          *E-mail*:  jean.kamp@eeoc.gov

Dated: August 13, 2015    *s/ Dennis R. McBride*
          Dennis R. McBride, Senior Trial Attorney
          EEOC Milwaukee Area Office
          310 West Wisconsin Avenue - Suite 800
          Milwaukee, WI  53203-2292
          *Telephone*:  (414) 297-4188
          *Fax*:   (414) 297-3146
          *E-mail*:   dennis.mcbride@eeoc.gov

          KATY L. DEGENHARDT
          By her attorneys:

Dated: August 13, 2015    *s/  Barbara Zack Quindel*
          Barbara Zack Quindel, SBN 100943
          B. Michele Sumara, SBN 1010181
          Hawks Quindel, S.C.
          P.O. Box 442
          Milwaukee, WI 53201-0442
          *Telephone*:   (414) 271-8650
          *Fax*:   (414) 271-8442
          *E-mail*:   bquindel@hq-law.com
          *E-mail*:   msumara@hq-law.com

          HUFCOR, INC. d/b/a TOTAL QUALITY PLASTICS
          By its attorneys:

Dated: August 13, 2015    *s/ Scott C. Beightol*
          Scott C. Beightol, Esq.
          Anne M. Carroll, Esq.
          Michael Best & Friedrich LLP
          100 East Wisconsin Avenue – Suite 3300
          Milwaukee, WI 53202-4108
          *Telephone*:  (414) 225-4994
          *Fax*:  (414) 277-0656
          *E-mail*:  scbeightol@michaelbest.com
          *E-mail*:  amcarroll@michaelbest.com